### CHISM v. SULLIVAN, Sheriff.

Circuit Court, Dade County.
May 31, 1951.

Rosenhouse & Rosenhouse, M. H. Rosenhouse and Irving Dunn, all of Miami, for petitioner.

Robert R. Taylor, county solicitor, Vivion B. Rutherford and John H. Connelly, assistant county solicitors, for the sheriff.

J. N. MORRIS, Circuit Judge.

Lindsley Lumber Company was charged with an infraction of the law, to wit, keeping open a place of business on Sunday in violation of state laws, and the trial of the charge was brought on for hearing before the Honorable Wayne Allen, judge of the court of crimes, Dade County. The petitioner in this habeas corpus proceeding, Ellis Chism, was the prosecuting witness in the court of crimes, which found the defendant company guilty and fined it the sum of $1.

Subsequent to the pronouncement of judgment and sentence petitioner talked to one Luther Voltz outside the court room, outside the hearing of the court, and over the telephone, in which conversation he stated:

"Judge Allen gave a 20 minute talk showing the good of keeping the sabbath and gave examples of his own family background where the sabbath was kept very strict . . . Then by his fine of $1 he insulted every Christian person, layman and minister who ever lived—including his own father who was a minister, and his sister who was a missionary."

The court of crimes found petitioner guilty of contempt of court for publishing the foregoing, sentenced him to serve 10 days in jail—and petitioner filed a petition for a writ of habeas corpus seeking release from the punishment adjudged. The sheriff—the respondent—filed a motion to dismiss which has been denied. Respondent filed a return to the writ, petitioner filed a motion to quash the return and for his discharge—and it is this motion which is now before the court for consideration and adjudication.

Respondent's return admits the contempt order was based on the publication of the words above mentioned, but avers that petitioner requested Luther Voltz of the Miami Herald to publish the words in the Herald and to furnish a copy of the notes taken by him to Steve Harris of the Miami Daily News for publication in that newspaper; that petitioner's sole purpose in giving the information to Luther Voltz and causing it to be delivered to Steve Harris was for the purpose of embarrassing the judge as a court and intimidating the coercing of judgment and sentence of the judge in the decision of some

65 cases then pending before the judge in all of which petitioner was the complaining witness and which involve similar facts and similar charges to those involved in the one case which he discussed; and that the words were caused to be published maliciously and wrongfully after petitioner had been advised by counsel that they were contemptuous.

Petitioner bases his motion to quash the return and for his discharge on the following grounds, among others:

1. It affirmatively appears from the return that no just predicate for sentence for contempt has been entered.

2. It appears that the statements in question are clearly fair comment and that they did not tend in any way to block or obstruct the function of judicial process.

3. A publication about a cause that is closed, no matter how scandalous, is not punishable as contempt under the laws of Florida.

4. The judgment of contempt violates petitioner's right to freedom of speech guaranteed by the 14th Amendment of the federal constitution and section 13 of the declaration of rights of the state constitution.

It will thus be seen that petitioner and respondent are agreed on just what words were used, spoken and published. They are agreed that they were not spoken in the presence of the court, nor with regard to the matter then before the court, but that they were spoken at a distance from the court and after the case about which they had reference had been determined.

Respondent says, however, that petitioner was a witness in a number of other cases of like nature that would come up for hearing before the same court and judge—and that the statements were made maliciously after petitioner had been advised by attorneys that such statements would be contemptuous.

The question then is: "were the words published, in themselves, contemptuous, that is, were they made under circumstances that reasonably tend to degrade the court or the judge as a judicial officer, or to obstruct, interrupt, prevent or embarrass the administration of justice by the court or judge?" If the words spoken were not of themselves contemptuous, then were they made so by reason of the fact that they were

216

made maliciously by petitioner after he had been advised by counsel that they were contemptuous?

It is well settled that courts and judges have under constitutional government inherent power to punish by fine or imprisonment or otherwise any conduct that in law constitutes an offense against the authority and dignity of a court or judicial function—and appropriate punishment may be imposed by the court or judge whose authority or dignity has been unlawfully assailed.

A direct contempt is an insult committed in the presence of a court or a judge when acting as such.

An indirect or constructive contempt is an act done not in the presence of a court or a judge acting judicially, but at a distance, and under circumstances that reasonably tend to degrade the court or the judge as a judicial officer, or to obstruct, interrupt, prevent or embarrass the administration of justice of the court or judge.

It is my opinion that the words published are not in and of themselves contemptuous, that they do not reasonably tend to degrade the court or the judge as a judicial officer, or to obstruct, interrupt, prevent or embarrass the administration of justice by the court or the judge—and that this is true although petitioner may have maliciously caused the same to be published after advice to the effect that such would be a contempt. In other words, if the words published are not contemptuous, then the motive behind the petitioner would not make them so.

It is therefore ordered that the motion to quash the return be and the same is hereby granted and the petitioner is discharged.